IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| CASEY EDWARD GARRETT, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **COMPLAINT**

COMES NOW, Plaintiff in the above-styled action, CASEY EDWARD GARRETT (hereinafter "Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1001 et seq., shows this Court the following:

1.

Plaintiff is an individual residing at 243 Wyatt Road, Dublin, Laurens County, Georgia 31021.

2.

Plaintiff is a plan participant as defined by ERISA, and brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits due to him under the terms of his plan.

3.

Defendant, UNUM Life Insurance Company of America (hereinafter "Defendant"), is a corporation organized and existing pursuant to the laws of the State of Maine. Defendant at all times relevant to this Complaint maintains offices and conducts business in the State of Georgia. Service of process may be perfected upon Defendant's registered agent, Corporation Service

Company, 40 Technology Parkway, South, #300, Norcross, Georgia  30092.

4.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1132(e)(1).

5.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

6.

Plaintiff was employed for more than 20 years by SP Fiber Technologies which provided a group Long-Term Disability (LTD) Insurance Plan insured by Defendant's Policy No. 603026 and a Life Insurance Premium Waiver Policy No. 603027 (hereinafter "the Plan").  At all relevant times hereto, SP Fiber Technologies was an employer engaged in commerce; therefore, the Plan is governed by ERISA pursuant to 29 U.S.C. §1003(a).

7.

At all times during the course of his employment with SP Fiber Technologies, Plaintiff participated in the Plan and is, therefore, entitled to benefits from the same.

8.

Plaintiff's disability commenced on or about May 31, 2013, and he filed timely LTD and Life Waiver claims with Defendant.  Pursuant to the terms of the Plan, he was ineligible to receive LTD benefits until the expiration of his "elimination period."  The elimination period was 180 days.

9.

Plaintiff provided Defendant with medical documentation that showed he was "disabled" during and beyond his elimination period due to a myriad of impairments including: diverticulitis, hypertension, kidney disease, angina, lower left upper extremity pain, and pain and

restrictions related to prior finger amputations.

10.

Defendant chose to disregard Plaintiff's evidence and denied Plaintiff's claims.

11.

Plaintiff timely appealed Defendant's decision to deny his LTD and Life Waiver claims. He provided further medical documentation that showed he was "disabled" under the terms of the Plan.

12.

Despite Plaintiff's additional evidence of his "disability," by letter dated December 2, 2014, Defendant upheld its decision to deny Plaintiff's LTD benefits, his life waiver of premium benefit, and indicated that he had exhausted his administrative remedies.

13.

Defendant's denial of Plaintiff's LTD and Life Waiver claims was "arbitrary and capricious" and is the result of its disregard of documentation showing that Plaintiff was "disabled" under the terms of the Plan.

WHEREFORE, Plaintiff prays that this Court:

(a) Order Defendant to pay Plaintiff the amount of his full disability benefit accrued and unpaid to date;

(b) Order Defendant to pay Plaintiff his monthly disability benefit to which he is entitled from this point forward;

(c) Order Defendant to waive the premium in regard to Plaintiff's group life coverage;

(d) Award Plaintiff reasonable attorneys' fees, and cast all costs of this action against Defendant;

(e) Order Defendant to pay Plaintiff interest on all monies due and owed;

(f) Deny Defendant any applicable offsets as equitable relief.

(g) Provide Plaintiff such other and further relief that this Court may deem appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this 10th day of March, 2015.

                    WESTMORELAND, PATTERSON, MOSELEY
                       & HINSON, LLP
                    Attorneys for Plaintiff

                    s/KEVIN W. HALL
                    Georgia Bar No.: 319339

                    s/BRADLEY G. PYLES
                    Georgia Bar No.: 590545

577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
(478) 745-1651